[Civ. No. 25768.   Second Dist., Div. One.   Apr. 25, 1962.]

RALPH FRANCO LOPEZ, a Minor, etc., Plaintiff and Appellant, v. JO ANN PRICE et al., Defendants and Respondents.

John W. Howard for Plaintiff and Appellant.

Donald C. Gallagher and Dian Hixon for Defendants and Respondents.

WOOD, P. J.—In a nonjury trial of this action for damages for personal injuries, judgment was for defendants. Plaintiff appeals from the judgment and the order denying his motion for a new trial.

Appellant asserts that evidence was insufficient to support the findings and judgment.

Plaintiff, a 3-year-old boy, resided with his parents on the north side of Lucille Street (an east-west street) in Arcadia. On September 21, 1958, about 2 p. m., he was playing with a ball in the front yard of his home. The ball rolled into the street, going in a diagonal direction toward the southwest. He

followed the ball into the street. An automobile, which defendant Mrs. Price was driving west on the north side of the street, struck the boy and injured him.

Mr. Pagone, called as a witness by plaintiff, testified: He resided next door to plaintiff's home. Before the accident he was in his front yard and he saw the boy (plaintiff) playing with a ball. The ball rolled into the street, going diagonally to the southwest. Then the boy "sort of paced at a slow pace" after the ball. He (witness) saw an automobile, which was going west, hit the boy when he was 6 feet into the street. Just before the impact the boy was still going for the ball. The automobile proceeded about 100 feet after the impact, and he (witness) yelled and then the driver stopped the automobile. When he went to the automobile, Mrs. Price (the driver) asked what she had done, and said that she thought she had hit a paper box. When he first saw the oncoming automobile it was about 6 feet away from the boy and was traveling at the rate of approximately 35 miles an hour. There was a parked automobile at the curb on the north side of the street, and about 60 feet east of the place where the accident occurred.

A police report, which was received in evidence upon stipulation, stated that Mr. Pagone had said that Mrs. Price was driving at the rate of 30 to 35 miles an hour.

Mrs. Price (defendant) testified: She was driving west on Lucille Street at a rate which was close to 20 miles an hour. There was a parked automobile on the north side of the street. While she was driving on that street she heard someone scream. Then she stopped, and she saw the boy lying in the street. Before she heard the scream, she felt something that was like a right tire running over an imperfection in the road. While she was driving she was looking ahead. When she was out of her automobile and was going back to the boy, Mr. Pagone said to her: "Just relax. You couldn't possibly have seen him." She said to Mr. Pagone, "Why did he come out there?" He replied, "Well, you couldn't have seen him, so just relax."

After the parties had submitted the case for decision, the judge made comments preceding the announcement of his decision. Some of the comments were in substance, as follows: Mr. Pagone testified that Mrs. Price stopped her automobile 100 feet from the point of impact, and that she was driving at a speed of 30 to 35 miles an hour. If she were driving at a speed of 30 miles an hour she would be covering 45 feet

per second; and at 35 miles an hour she would be covering approximately 52 feet per second. "The reaction time in stopping a car, . . . it takes just a little time to get the foot from the accelerator over the brake pedal. And I think I take judicial knowledge of this fact, it has been testified to and it is common knowledge, it varies with persons anywhere from 1½ seconds upwards, depending on the age and so forth." So using Mr. Pagone's figures, she probably at a speed of 30 miles an hour would have traveled a minimum of 60 feet before she even could have applied the brakes. He said she applied the brakes gradually. She had traveled 60 feet, and she had roughly only 40 feet more in which to bring her car to a halt from the minimum estimated speed of 30 miles an hour. It would have required her to apply her brakes severely and come to a skidding stop. I can't help but feel that the physical facts indicate that she was not going as fast as 30 miles an hour. Mr. Pagone said that a parked automobile was 60 feet east of the point of impact. The boy was playing in the yard and ran from the yard into the street. The parked automobile undoubtedly obstructed Mrs. Price's view of an area, in which the boy was playing, for perhaps a second or two even if she had had a chance to see the boy. If she were going 20 miles an hour, as she says she was going, she would travel 30 feet per second, and it would take her two seconds to go from the parked automobile to the point of impact. I mention these times because it indicates how little opportunity she had to avoid an accident. "Now with a minimum reaction time of 1½ seconds for the fastest person to apply brakes after lifting a foot from the accelerator, Mrs. Price at 20 miles an hour would have gone about" 45 feet before she could have applied the brakes. I doubt from the physical facts that she was going much, if any, above 20 miles an hour. Even if she had been staring at the spot from which the boy came, I have serious doubt that she could have avoided striking him. I therefore find that she was not negligently inattentive, and there was no negligence on her part.

The formal findings of fact were: That there was no negligence on the part of either defendant (Mr. or Mrs. Price). There was no contributory negligence nor assumption of the risk on the part of plaintiff.

Appellant's counsel contends that the judge erred prejudicially in taking judicial notice of "reaction time,"—the time which elapses between the time a driver apprehends danger and the time he places his foot on the brake pedal. He states that it is common knowledge that it takes some time

for a driver to react to a situation of danger, but the judge should not have taken judicial notice that reaction time varies from 1½ seconds upward. He has set forth in his brief a chart of the California Highway Patrol and a chart of a casualty insurance company, which charts indicate alleged "reaction time" and other alleged information relative to distances traveled while an automobile is being stopped. The charts indicate that the average reaction time is ¾ of a second. Counsel states that the charts are not offered to prove that ¾ of a second is the reaction time, but are offered to show that the reaction time is not 1½ seconds. He argues further to the effect that if the judge had applied ¾ of a second as the reaction time, there would have been a sufficient showing that Mrs. Price violated the speed laws; that since the judge chose to announce the items of evidence on which the determination of speed was based, it is apparent that the finding of no negligence was based solely "on the erroneous taking of judicial notice" of reaction time.

At the beginning of his comments the judge said he appreciated that all the distances and speeds he was going to refer to were approximate. In that connection he said that the distance of 100 feet (referred to by Mr. Pagone as the distance Mrs. Price's automobile traveled after the impact) "might be 100 feet more or less, might be 110, might be 90, approximately 100 feet." It is clear that the judge in making the mathematical calculations, wherein a reaction time was referred to as one of the factors, was not announcing a precise solution of a mathematical problem wherein all the factors to be considered were definitely known. It is not necessary to decide herein whether judicial notice may be taken of reaction time. If it be assumed that the reaction time referred to by the judge was not correct, it would not follow as a necessary conclusion that the determination of the factual issue of negligence was erroneous. Statements of opinion made by a judge during the course of a trial are not binding as decisions of issues in the case. (*Colver* v. *W. B. Scarborough Co.*, 73 Cal.App. 441, 454 [238 P. 1104]; see *Northern Cal. Power Co.* v. *Waller*, 174 Cal. 377, 381 [163 P. 214].) In the present case an issue of fact was presented for the determination of the trial court. The findings and judgment of the court are supported by substantial evidence.

The appeal from the order denying the motion for a new trial is dismissed. The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.